UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 20-7561-MWF (AGRx)                     Date: October 20, 2020

Title: Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER RE: MOTION TO DISMISS [15]; MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT [21]

Before the Court are two motions:

The first is Defendant Pacific Coast Energy Company LP's ("PCEC") Motion to Dismiss (the "Dismissal Motion"), filed on August 27, 2020. (Docket No. 15). Plaintiff Evergreen Capital Management LLC filed an opposition (the "Dismissal Opposition") on September 15, 2020. (Docket No. 28). Defendant filed a reply (the "Dismissal Reply") on September 29, 2020. (Docket No. 29).

The second is Plaintiff's Motion to Remand Case to Los Angeles County Superior Court (the "Remand Motion"), filed on September 8, 2020. (Docket No. 21). PCEC filed an opposition (the "Remand Opposition") on September 18, 2020. (Docket No. 34). Defendant The Bank of New York Mellon Trust Company, N.A. (the "Trustee") joined in the Remand Opposition on September 18, 2020. (Docket No. 35). Plaintiff filed a reply (the "Remand Reply") on September 28, 2020. (Docket No. 37).

The Court has read and considered the papers filed in connection with the motions and held a telephonic hearing on October 19, 2020, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-7561-MWF (AGRx)            Date: October 20, 2020

Title: Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

    For the reasons discussed below, the Remand Motion is **GRANTED**. Plaintiff establishes that the securities exception to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) applies, and thus the Court lacks jurisdiction.

    Because the Court lacks jurisdiction over the action, the Dismissal Motion is **DENIED** *as moot*.

## I.   BACKGROUND

    On July 8, 2020, Plaintiff commenced this putative class action against Defendants in Los Angeles County Superior Court. (Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1)).

    The Complaint alleges as follows:

    The Trust is a passive investment vehicle which was formed in 2012 for the sole purpose of distributing the revenue it receives to the Trust Unitholders, such as Plaintiff and members of the putative class. (*Id*. ¶¶ 1, 25). The Trust owns the right to the majority of profits from certain oilfields located in California. (*Id*. ¶ 1). PCEC operates those oil fields and also provides operational and administrative services to the Trust. (*Id*.). The conveyance agreement between PCEC and the Trustee governs the calculation of cash payments from the revenue generated by the oil fields to the Trust, which are then paid out as distributions to the Trust Unitholders. (*Id*.). The governing instrument for the Trust is the Trust Agreement, to which Trustee and PCEC are parties, and which provides Trust Unitholders with specific rights. (*Id*. ¶¶ 31, 33).

    In particular, the Trust Agreement provides: "Each Trust Unit shall represent pro rata undivided ownership of the Beneficial Interest and shall entitle its holder to participate pro rata in the rights and benefits of Trust Unitholders under this Agreement. A Trust Unitholder (whether by assignment or otherwise) shall take and hold each Trust Unit subject to all the terms and provisions of this Agreement and the Conveyance." (*Id*. ¶ 34). The Agreement permits Trust Unitholders to pursue direct claims for breaches of and in tortious interference with the Trust Agreement. (*Id*. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7561-MWF (AGRx)            **Date:** October 20, 2020

**Title:** Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

38).  The Conveyance requires PCEC to calculate certain costs attributed to the Trust using a particular formula.  (*Id*. ¶ 61).  Under the Trust Agreement, the Trustee is liable for its own fraud, gross negligence, or willful misconduct.  (*Id*. ¶ 84).

The Trust is divided into Trust Units, which trade on the New York Stock Exchange ("NYSE") under the ticker symbol, ROYT.  (*Id*. ¶ 20).  The Trust Units were originally held by PCEC, which PCEC then sold to public investors through initial and secondary public offerings from 2012 through 2014.  (*Id*.).  Now, the Trust Unitholders are all public investors.  (*Id*.).

On September 3, 2019, the Trust announced that a company called NewBridge had acquired PCEC and Scott Wood, the head of NewBridge, became the new CEO of PCEC.  (*Id*. ¶ 53).  After Wood took control of PCEC, Wood and PCEC took a number of actions in bad faith and in violation of the Trust Agreement and Conveyance, which caused the Trust Value's trading value to plummet and left the Trust without sufficient funds to distribute to Trust Unitholders.  (*Id*. ¶ 58-65).

As early as November 13, 2019, the Trust disclosed that the Trustee did not believe it would be able to issue any distributions throughout 2020 and 2021, in which case the Trust would dissolve under the terms of the Trust Agreement.  (*Id*. ¶ 66).  Yet, despite understanding and disclosing the risk of dissolution, the Trustee has not taken any action against PCEC to protect the Trust or the Trust Unitholders.  (*Id*. ¶ 74).  In particular, the Trustee has not sought to enjoin Wood or PCEC from deducting inflated cost estimates from the profits it is required to send to the Trust every month.  (*Id*.).

Plaintiff brings two causes of action.  First, Plaintiff alleges that the Trustee breached the Trust Agreement by failing to take action against Wood and PCEC for improperly starving the Trust and causing a collapse in the Trust Unit trading price.  (*Id*. ¶¶ 83-86).  Second, Plaintiff alleges that PCEC breached the Trust Agreement's implied covenant of good faith and fair dealing by unfairly calculating and deducting over-inflated costs, thereby depriving the Trust of its owed profits and causing the trading value to decline precipitously.  (*Id*. ¶¶ 87-90).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-7561-MWF (AGRx)           Date:  October 20, 2020

Title:  Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

On August 20, 2020, PCEC removed the action, invoking federal jurisdiction pursuant to CAFA.  (NoR ¶ 1).  On August 27, 2020, the Trustee consented to removal. (Docket No. 14).

## II.  DISCUSSION

PCEC relied exclusively on CAFA jurisdiction when removing the case and no other source of jurisdiction is apparent.  (*See generally* NoR).  Plaintiff argues that the Court must remand because it lacks jurisdiction under CAFA.

### A.  Legal Standard

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).

CAFA generally grants the district courts original jurisdiction over any class action in which:  (1) the aggregated amount in controversy exceeds $5,000,000; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5).

However, the district court lacks original jurisdiction over such action if it:

solely involves a claim-

(A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. § 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. § 78bb(f)(5)(E));

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-7561-MWF (AGRx)           Date: October 20, 2020

Title: Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

    (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or

    (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77b(a)(1)) and the regulations issued thereunder).

28 U.S.C. § 1332(d)(9). The same three provisions appear in the statute governing CAFA removal. *See* 28 U.S.C. § 1453(d).

### B.     Burden of Proof

    The parties disagree about who bears the burden to show that one of the three provisions in § 1332(d)(9) (or § 1453(d)) does or does not apply. (*See* Remand Opp. at 4-6; Remand Reply at 2-3). In the Ninth Circuit, the removing party bears the initial burden to show that all of the prerequisites of CAFA jurisdiction are present, but then the burden shifts to the party seeking remand to show that one of CAFA's exceptions applies. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-24 (9th Cir. 2007). Although the Ninth Circuit has not decided whether the provisions in § 1332(d)(9) are prerequisites to CAFA jurisdiction or exceptions to CAFA jurisdiction, the reasoning of *Becher v. Nw. Mut. Life Ins. Co.*, CV 10-6264 PSG (AGRx), 2010 WL 5138910 (C.D. Cal. Dec. 9, 2010) is persuasive.

    Drawing from the Ninth Circuit's analysis in *Serrano*, the *Becher* court explained that the language preceding the CAFA provision at issue dictates who bears the burden to prove that provision's existence or absence. *Becher*, 2010 WL 5138910, at *3. If the provision affirmatively grants or denies jurisdiction, the removing party has the burden to show that the provision does or does not apply. *Id.* (citing *Serrano*, 478 F.3d at 1020 n.3). For example, § 1332(d)(5), provides that CAFA jurisdiction "shall not apply" if the conditions in § 1332(d)(5)(A) and (B) are met, and thus, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-7561-MWF (AGRx)                              Date:  October 20, 2020
Title:  Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

removing party must show that neither of these conditions are present to establish CAFA jurisdiction.  *Id*. (citing *Serrano*, 478 F.3d at 1020 n.3).  However, if the provision states that "jurisdiction otherwise exists under [CAFA] but the federal courts either *may* or *must* decline to exercise that jurisdiction," then the party seeking remand has the burden to prove that the condition divesting jurisdiction is met.  *Serrano*, 478 F.3d at 1020 n.3.  For example, §§ 1332(d)(3) and (d)(4) state that "[a] district court shall decline to exercise jurisdiction" if certain conditions are met, so the party seeking remand has the burden to show that one of these provisions applies.  *Id*.

The *Becher* court concluded that because the language "shall not apply" prefaces § 1132(d)(9), it is "a prerequisite — not an exception — to a federal court's exercise of CAFA jurisdiction that the removing party has the burden of negating."  *Becher*, 2010 WL 5138910, at *3 (citing *Madden v. Cowen & Co.*, 576 F.3d 957, 975 (9th Cir. 2009) (holding that a similar provision in the Securities Litigation Uniform Standards Act of 1998 is a "prerequisite" rather than an "exception" to federal jurisdiction).

The Court adopts *Becher*'s reasoning and holds that Defendant bears the burden to show that this action does not involve any of the claims described in § 1332(d)(9). At the hearing, PCEC argued that *Becher* relied upon an incorrect reading of *Serrano*. But all that said, the Court's ruling would be the same regardless of which party had the burden.  The dispute here, essentially, is one of statutory construction, not facts; it is odd to debate which party has the "burden" of correctly construing a statute.

### C.    **Applicability of the Securities Provision**

Plaintiff argues that this action implicates all three provisions of § 1453(d) (or § 1332(d)(9)).  (Remand Motion at 4-10).  The Court agrees with Plaintiff that the third CAFA remand provision, § 1453(d)(3), applies.

The Ninth Circuit construed the language of this provision in *Eminence Investors, L.L.L.P. v. Bank of New York Mellon*, 782 F.3d 504 (9th Cir. 2015).  *Eminence Investors* did not discuss the shifting burden of proof, or distinguish "exceptions" from "prerequisites" to CAFA, but for "the sake of simplicity" referred to

---

**CIVIL MINUTES—GENERAL**                                                                    6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7561-MWF (AGRx)                 **Date:** October 20, 2020

**Title:** Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

§ 1453(d)(3) as the "securities exception." *Id.* at 506. The Court does not read *Eminence Investors* as casting any doubt on the reasoning of *Serrano* discussed above, merely because it uses the modifier "exception" to refer to § 1453(d)(3). But to avoid any confusion as to who bears the burden of proof here, the Court refers to § 1453(d)(3) as the "securities provision" instead of the "securities exception."

The securities provision "applies if all of the claims in the class action have a particular kind of relationship with a security. Each claim must relate to certain rights, duties, or obligations; those rights, duties, or obligations must be related to or created by or pursuant to a security; and that security must meet the definition established in 15 U.S.C. § 77b(a)(1) 'and the regulations issued thereunder.'" *Eminence Investors*, 782 F.3d at 506.

PCEC does not dispute that the Trust Units fit within the relevant definition of "security" under the last part of the provision. Rather, PCEC asserts that the securities provision does not apply because Plaintiff's breach of the implied covenant claim against a "third party that operates oil and gas wells in California does not relate 'solely'" to "the terms of a security." (Remand Opposition at 10).

*Eminence Investors* dictates that this action be remanded. The bondholder plaintiff in *Eminence Investors* alleged causes of action against the trustee for breach of fiduciary duty and gross negligence for the trustee's failure to disclose information and for taking certain actions that harmed the bonds' value. *Eminence Investors,* 782 F.3d at 507. The Ninth Circuit reasoned that because "[t]he duties the [trustee] allegedly owed to [plaintiff] all stem from the current relationship between the [trustee] and [plaintiff] based on their positions with respect to the Bonds[,]" the claims, "under any plausible interpretation of the statutory language," relate to the rights, duties, and obligations relating to or created by or pursuant to the bonds. *Id.* Regardless of what other sources of law were invoked to make the rights and duties created by the indenture of trust enforceable, the securities provision applied, and the suit was thus not removable under CAFA. *Id.*; *see also Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016) (citing with approval *Greenwich Fin. Servs. Distressed Mortg. Fund 3*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-7561-MWF (AGRx)                              Date:  October 20, 2020
Title:  Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

*LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 29 (2d Cir. 2010) (holding that the securities provision "applies to suits that enforce 'the terms of instruments that create and define securities'" (citation omitted))).

Plaintiff's causes of action similarly allege that PCEC breached the Trust Agreement by taking actions in bad faith to harm the Trust, and that the Trustee breached the Trust Agreement and Conveyance by failing to act to protect the Trust. Likewise, Defendants' alleged duties "stem from" the relationship between Plaintiff, PCEC, and the Trustee based on their positions with respect to the Trust.  Under the terms of the Trust Agreement and Conveyance, PCEC is obliged to fund the Trust, the Trustee is obliged to distribute the Trust's funds to Trust Unitholders, and as a Trust Unitholder, Plaintiff is entitled to receive those funds.  Because Plaintiff seeks to enforce the Trust Agreement and Conveyance, "which set forth the rights, duties, and obligations relating to the [Trust], [the securities provision] divests the federal courts of jurisdiction under [CAFA]." *Rainero*, 844 F.3d at 839.  PCEC is not an unrelated "third party," as it purports to be.  It is a party to the Trust's governing agreements and has responsibilities and obligations to the Trust under those agreements.

PCEC argues that Plaintiff's breach of implied covenant claim is not based on the terms of the Trust Agreement, and that the Conveyance permits PCEC "to do the exact conduct" that the Complaint alleges.  (Opposition at 17, n.10).

The *Eminence Investors* court rejected a similar argument.  The defendant there argued that the securities provision should not apply because several of the plaintiff's allegations were foreclosed by the terms of the indenture. *Eminence Investors*, 782 F.3d at 508.  The court explained that the defendant "may be right that the terms of the Indenture preclude any liability for the [defendant] under the theories set forth in [plaintiff's] causes of action, but the assumptions underlying that argument lead inexorably to the conclusion that the causes of action at least 'relate[ ] to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to' the Bonds." *Id*.  So too here.  PCEC may not ultimately be liable to the Trust Unitholders under the Conveyance and Trust Agreement, but the fact that PCEC raises

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-7561-MWF (AGRx)            Date: October 20, 2020

Title: Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

these agreements in its defense necessarily means that Plaintiff's claims relate to PCEC's obligations related to the Trust.

At the hearing, PCEC argued that *Eminence Investors* is distinguishable because Plaintiff's claim is not solely related to the terms of the Trust Agreement. PCEC argued that Plaintiff's claim does not fall within the statute's ambit because Plaintiff must impermissibly "add something" to the Agreement in order to obtain relief, namely, that Delaware law imposes the implied covenant of good faith and fair dealing. In support of this proposition, PCEC relies upon *Estate of Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2008). (Opposition at 17). *Eminence Investors* – which was not cited in PCEC's brief – forecloses this argument.

First, *Eminence Investors* expressly rejected Defendant's reading of *Cardarelli*. *See Eminence Investors*, 782 F.3d at 508 (rejecting defendant's citation to *Cardarelli* for the proposition that the security provision applies only if the cause is "grounded in the terms of the security itself"). *Cardarelli* distinguished between purchasers and holders of securities, holding that the securities provision only applies where the holders of securities are asserting their rights. *See id*. Plaintiff sues PCEC as a Trust Unitholder, not a purchaser, and thus *Cardarelli* is inapposite here. *See id*.

Second, "duties superimposed by state law as a result of the relationship created by or underlying the security fall within the plain meaning of the statute, which expressly references 'duties (including fiduciary duties).'" *Id*. at 510 (quoting *BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp.*, 673 F.3d 169, 179 (2d Cir. 2012) (quoting 28 U.S.C. § 1453(d)(3))). Plaintiff's allegation that PCEC had a duty imposed by Delaware law to act in good faith when funding (or not funding) the Trust thus falls within the plain meaning of the securities provision.

In sum, the thrust of Plaintiff's claims is that Defendants' alleged duties "stem from" their positions with respect to the Trust. That assertion may or may not be meritorious, but nonetheless, the securities provision applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7561-MWF (AGRx)            **Date:** October 20, 2020

Title: Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al

Because the Court determines that the securities provision applies, the Court does not consider whether the other two CAFA remand provisions also apply.

### III. CONCLUSION

For the reasons set forth above, the Remand Motion is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court. The Dismissal Motion and the accompanying Request for Judicial Notice (Docket No. 16) are **DENIED** *as moot*.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or as to whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.