UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 20-7561-MWF (AGRx) | **Date:** December 7, 2020 |
| **Title:** | Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANT PACIFIC COAST ENERGY COMPANY LP'S MOTION TO REOPEN CASE AND STAY REMAND ORDER PENDING APPEAL ORDER ON MOTION TO DISMISS CASE [49]

Before the Court is Defendant Pacific Coast Energy Company LP's ("PCEC") Motion to Reopen Case and Stay Remand Order Pending Appeal Order on Motion to Dismiss Case (the "Motion"), filed on November 2, 2020. (Docket No. 49). Plaintiff Evergreen Capital Management LLC filed an opposition on November 16, 2020. (Docket No. 53). Defendant PCEC filed a reply on November 23, 2020. (Docket No. 54).

The Motion was noticed to be heard on December 7, 2020. The Court read and considered the papers filed in connection with the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing is also consistent with General Order 20-09 arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion is **DENIED**.

On July 8, 2020, Plaintiff commenced this putative class action against Defendants in Los Angeles County Superior Court. (Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1)). On August 20, 2020, PCEC removed the action,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7561-MWF (AGRx)            **Date:** December 7, 2020
**Title:** Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al.

invoking federal jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453(c). (NoR ¶ 1). On October 20, 2020, the Court granted Plaintiff's motion to remand the action to Los Angeles Superior Court, holding that the Court lacked jurisdiction over the action under CAFA (the "Remand Order"). (Docket No. 44). Also on October 20, 2020, the Court closed and remanded the action, and transmitted a certified copy of the Remand Order and a copy of the docket sheet to Los Angeles Superior Court. (Docket No. 45).

On November 2, 2020, PCEC petitioned the Ninth Circuit for permission to appeal the Court's Remand Order. (*See* Motion at 1).

PCEC now requests that the Court reopen the case and stay the Remand Order pending resolution of its petition to the Ninth Circuit and any resulting appeal. (*Id.*). PCEC argues that a stay is warranted because PCEC is likely to succeed on the merits of its appeal, the balance of hardships tilts in PCEC's favor, and a stay is in the public's interest due to preservation of judicial resources and CAFA's objectives in giving defendants like PCEC access to federal forum. (*Id.*).

Plaintiff responds that the Court lacks subject matter jurisdiction to reopen and stay the case because the action has already been remanded to Los Angeles Superior Court. (Opposition at 3-5). The Court agrees.

Section 1447 provides that an order remanding a case to state court is generally not reviewable on appeal. 28 U.S.C. § 1447(d). As a result, when a remand order is issued by a district court, the district court is ordinarily divested of jurisdiction, allowing the state court to proceed with the case. 28 U.S.C. § 1447(c); *see also Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988) ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case.").

PCEC contends that § 1447(d) is inapplicable here because of a statute granting limited appellate jurisdiction over class actions. *See* CAFA, 28 U.S.C. § 1453(c). Section 1447(d) generally applies to CAFA class actions "except that notwithstanding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7561-MWF (AGRx)            **Date:** December 7, 2020

Title:     Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al.

section 1447(d), a ***court of appeals*** may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed" if timely application is made. 28 U.S.C. § 1453(c)(1) (emphasis added).

As an initial matter, this Court previously determined that this action is not a class action subject to CAFA. (*See generally* Remand Order). Additionally, while the Ninth Circuit has not decided the issue, the Court agrees with persuasive authority holding that "CAFA's limited grant of discretionary appellate court jurisdiction does not affect a district court's jurisdiction after remand pursuant to section 1447(c)." *In re Oxycontin Antitrust Litig.*, No. 08 CIV. 3380 SHS, 2011 WL 4801360, at *1 (S.D.N.Y. Oct. 6, 2011) (dismissing defendants' motion to stay remand order pending CAFA appeal for lack of jurisdiction). Further, since the action has already been remanded to Los Angeles Superior Court, ruling on PCEC's motion would require the Court to vacate its Remand Order, "which the Court is not willing to do." *Avner Greenwald v. Ripple Labs, Inc.*, No. 4:18-CV-4790-PJH, (N.D. Cal Oct. 17, 2020) (Docket No. 27 at 1) (denying defendants' motion to stay pending CAFA appeal of remand order).

Even if the Court were to agree with PCEC that it retains jurisdiction over the action, the Court would deny the Motion on the merits.

When considering a motion to stay an order pending appeal, the Court must assess four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the traditional standard are the most critical." *Id.* A court need not consider the third and fourth factors unless it concludes that the moving party has made an adequate showing on the first two. *See id.* at 435 ("Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7561-MWF (AGRx)            **Date:** December 7, 2020
**Title:**     Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al.

      The Court notes that PCEC misstates the applicable test. PCEC argues that it is required only to show either "a probability of success on the merits and the possibility of irreparable injury" or "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." (Motion at 3) (quoting *Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008)). The *Golden Gate* test upon which PCEC relies is no longer good law. As the Ninth Circuit has since explained, the Supreme Court's decision in *Nken* overruled prior Ninth Circuit law "that permitted a stay to issue upon the petitioner 'simply showing some *possibility* of irreparable injury.'" *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011) (quoting *Nken*, 556 U.S. at 434) (emphasis added in *Leiva-Perez*). Therefore, while the Ninth Circuit's "sliding scale" approach remains applicable (such that the robustness of the showing on the merits varies with how sharply the balance of hardship tips), "to obtain a stay . . . , [a movant] must demonstrate that irreparable harm is probable if the stay is not granted." *Id.*

      For the reasons stated by the Court in the Remand Order, the Court disagrees that PCEC has demonstrated a likelihood of success on the merits. (*See generally* Remand Order). Additionally, PCEC has failed to demonstrate that irreparable harm is probable absent a stay.

      PCEC claims that, absent a stay, it will suffer irreparable harm because it will be forced to defend the state court class action while at the same time attempting to appeal the remand and will be deprived of the benefit of the neutral federal forum. (Motion at 14). These are the sort of "[m]ere injuries" "in terms of money, time and energy necessarily expended in the absence of a stay" that the Supreme Court has found insufficient to constitute an irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974); *see also Dunson v. Cordis Corp.*, No. 16-CV-03076-EMC, 2016 WL 10679457, at *3 (N.D. Cal. Nov. 8, 2016) (denying motion to stay case pending CAFA appeal of remand order where defendant argued it faced irreparable harm absent a stay because it would have to spend time litigating concurrently in state and federal court).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-7561-MWF (AGRx)            **Date:** December 7, 2020

Title:      Evergreen Capital Management LLC v. The Bank of New York Mellon Trust Company, N.A. et al.

    Because PCEC failed carry its burden with respect to either of the first two prongs, it is unnecessary for the Court to reach the latter two prongs. *See Nken*, at 435. But in any event, PCEC has failed to articulate any real injury to the public in failing to stay the matter. Moreover, "[t]he plaintiff[] in this case ha[s] already seen [its] efforts to seek redress for [its] injuries substantially delayed by [PCEC's] removal. Adding further delay would only compound [its] injuries." *Dunson*, 2016 WL 10679457, at *3.

    Accordingly, the Motion is **DENIED**.

    IT IS SO ORDERED.